## 2013 OK 57

RODNEY D. WATSON & ASSOCIATES, P.C., an Oklahoma Corporation, and Rodney D. Watson, an individual, Plaintiffs–Appellees,

v.

Judith KNIGHT, individually, Defendant–Appellant,

and

Phoenix Central, Inc., an Oklahoma Corporation, Defendant.

No. 110,142.

Supreme Court of Oklahoma.

June 27, 2013.

## ORDER OF SUMMARY DISPOSITION

¶ 1 Rule 1.201 of the Oklahoma Supreme Court Rules provides that "[i]n any case in which it appears that a prior controlling appellate decision is dispositive of the appeal, the court may summarily affirm or reverse, citing in its order of summary disposition this rule and the controlling decision." Okla. S.Ct. Rule 1.201.

¶ 2 After reviewing the record in this case, THE COURT FINDS that our recent decisions in *Wall v. Marouk,* 2013 OK 36, 302

P.3d 775 and *Douglas v. Cox Retirement Props.,* 2013 OK 37, 302 P.3d 789, dispose of the issues in this case.

¶ 3 IT IS THEREFORE ORDERED that the trial court's dismissal of this case is reversed and the cause is remanded for further proceedings. DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 27 day of June, 2013.

COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, COMBS, GURICH, JJ., Concur.

WINCHESTER & TAYLOR, JJ., Dissent.

KAUGER, J., concurring:

¶ 1 Here, the underlying cause concerns a dispute between an attorney and a client and it depicts the predictable consequence of requiring an affidavit pursuant to 12 O.S. Supp. 2009 § 19, in actions for professional negligence.

¶ 2 Plaintiff/Appellee, Attorney Watson (Watson), filed a petition for breach of contract related to unpaid fees and the pro se client filed several counterclaims, alleging legal malpractice, breach of fiduciary relationship, wrongful concealment, negligent omission, and emotional distress. Watson filed a motion to dismiss the legal malpractice counterclaim on the grounds that Defendant/Appellant, Judith Knight (Knight) failed to attach an affidavit of merit as required under 12 O.S. Supp.2009 19. The trial court granted Watson's motion to dismiss the legal malpractice counterclaim, and Knight appealed. On appeal, Knight argues that § 19 is a violation of her statutory and constitutional rights, and also that it conflicts with the doctrine of res ipsa loquitor.

¶ 3 The recent decision of this Court in *Wall v. Marouk,* 2013 OK 36, 302 P.3d 775, is dispositive of this case. In *Wall,* supra, we

declared 12 O.S.2011 19[1] to be a special law in violation of the Okla. Const. art. 5, § 46. We also held that it creates an unconstitutional financial burden on access to the courts in violation of the Okla. Const. art. 2, § 6.

¶ 4 The affidavit of merit was addressed in great detail in *Wall,* supra, and the language is worth repeating. The following paragraphs five through eight are, therefore, substantially identical to our language in Wall.

¶ 5 In *Zeier v. Zimmer,* 2006 OK 98, 152 P.3d 861, we held that a previous incarnation of the affidavit of merit requirement, found at 63 O.S. Supp.2003 1–1708.1E was an unconstitutional special law.[2] That law re-

---

1. At the time the underlying action in *Wall v. Marouk,* 2013 OK 36, 302 P.3d 775 was commenced, the 2011 code volumes had not yet been published. However, as there was no change in § 19 since its codification, *Wall* refers to the 2011 statutes rather than the 2009 Supplement, and this writing does so as well.

Title 12 O.S.2011 19 provides:
A. 1. In any civil action for professional negligence, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:
a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,
b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the determination of the expert that, based upon a review of the available material including, but not limited to, applicable medical records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the defendant against whom the action is brought constituted professional negligence, and
c. on the basis of the review and consultation of the qualified expert, the plaintiff has concluded that the claim is meritorious and based on good cause.
2. If the civil action for professional negligence is filed:
a. without an affidavit being attached to the petition, as required in paragraph 1 of this subsection, and
b. no extension of time is subsequently granted by the court, pursuant to subsection B of this section, the court shall, upon motion of the defendant, dismiss the action without prejudice to its refiling.
3. The written opinion from the qualified expert shall state the acts or omissions of the defendant or defendants that the expert then believes constituted professional negligence and shall include reasons explaining why the acts or omissions constituted professional negligence. The written opinion from the qualified expert shall not be admissible at trial for any purpose nor shall any inquiry be permitted with regard to the written opinion for any purpose either in discovery or at trial.
B. 1. The court may, upon application of the plaintiff for good cause shown, grant the plaintiff an extension of time, not exceeding ninety (90) days after the date the petition is filed, except for good cause shown, to file in the action an affidavit attesting that the plaintiff has obtained a written opinion from a qualified expert as described in paragraph 1 of subsection A of this section.
2. If on the expiration of an extension period described in paragraph 1 of this subsection, the plaintiff has failed to file in the action an affidavit as described above, the court shall, upon motion of the defendant, unless good cause is shown for such failure, dismiss the action without prejudice to its refiling. If good cause is shown, the resulting extension shall in no event exceed sixty (60) days.
C. 1. Upon written request of any defendant in a civil action for professional negligence, the plaintiff shall, within ten (10) business days after receipt of such request, provide the defendant with:
a. a copy of the written opinion of a qualified expert mentioned in an affidavit filed pursuant to subsection A or B of this section, and
b. an authorization from the plaintiff in a form that complies with applicable state and federal laws, including the Health Insurance Portability and Accountability Act of 1996, for the release of any and all medical records related to the plaintiff for a period commencing five (5) years prior to the incident that is at issue in the civil action for professional negligence.
2. If the plaintiff fails to comply with paragraph 1 of this subsection, the court shall, upon motion of the defendant, unless good cause is shown for such failure, dismiss the action without prejudice to its refiling.
D. A plaintiff in a civil action for professional negligence may claim an exemption to the provisions of this section based on indigency pursuant to the qualification rules established as set forth in Section 4 of this act.
(Internal citations omitted).

2. Title 63 O.S. Supp.2003 1–1708.1E (repealed by Okla. Sess. Laws 2009, c. 228, § 87) provided:
A. 1. In any medical liability action, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:
a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,
b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the expert's determination that, based upon a review of the available medical records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or

quired an affidavit in any action for medical liability. The later version of the requirement in § 19 required the affidavit in actions for professional negligence.[3]

¶ 6 The language of the later affidavit requirement, codified at 12 O.S.2011 19, provides in pertinent part:

A. 1. In any civil action for professional negligence, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit . . .

Both the phrases medical liability action and professional negligence are defined at 63 O.S. 2011 1–1708.1C, but not in § 19. We have determined that an action for professional negligence is a medical liability action insofar as 63 O.S.2011 1–1708.1C is concerned.

¶ 7 However, before *Wall* was promulgated, the trial bench was faced with the problem of vagueness. If the Legislature did not intend professional negligence to be confined

to "a negligent act or omission to act by a health care provider in the rendering of health care services,"[4] then what did it mean? Black's Law Dictionary defines professional as "[a] person who belongs to a learned profession or whose occupation requires of a high level of training and proficiency."[5] Profession is further defined as:

A vocation requiring advanced education and training; esp., one of the three traditional learned professions—law, medicine, and the ministry.[6]

Did that mean that one is required to obtain an affidavit of merit pursuant to § 19 before filing suit against any doctor, lawyer or clergyman for negligence in performing their duties? Was professional in this context intended to be broader still? Title 59 of the Oklahoma Statutes, entitled "Professions and Occupations," contains multiple subchapters that control the licensing and practice of

---

omissions of the health care provider against whom the action is brought constituted professional negligence, and

c. on the basis of the qualified expert's review and consideration, the plaintiff has concluded that the claim is meritorious and based on good cause.

2. If a medical liability action is filed:

a. without an affidavit being attached to the petition, as required in paragraph 1 of the subsection, and

b. no extension of time is subsequently granted by the court, pursuant to subsection B of this section, the court shall, upon motion of the defendant, dismiss the action without prejudice to its refiling.

3. The written opinion from the qualified expert shall state the acts or omissions of the defendant(s) that the expert then believes constituted professional negligence and shall include reasons explaining why the acts or omissions constituted professional negligence. The written opinion from the qualified expert shall not be admissible at trial for any purpose nor shall any inquiry be permitted with regard to the written opinion for any purpose either in discovery or at trial.

B. 1. The court may, upon application of the plaintiff for good cause shown, grant the plaintiff an extension of time, not exceeding ninety (90) days after the date the petition is filed, except for good cause shown, to file in the action an affidavit attesting that the plaintiff has obtained a written opinion from a qualified expert as described in paragraph 1 of subsection A of this section.

2. If on the expiration of an extension period described in paragraph 1 of this subsection, the plaintiff has failed to file in the action an

affidavit as described above, the court shall, upon motion of the defendant, unless good cause is shown for such failure, dismiss the action without prejudice to its refiling.

C. 1. Upon written request of any defendant in a medical liability action, the plaintiff shall, within ten (10) business days after receipt of such request, provide the defendant with:

a. a copy of the written opinion of a qualified expert mentioned in an affidavit filed pursuant to subsection A or B of this section, and

b. an authorization from the plaintiff in a form that complies with applicable state and federal laws, including the Health Insurance Portability and Accountability Act of 1996, for the release of any and all medical records related to the plaintiff for a period commencing five (5) years prior to the incident that is at issue in the medical liability action.

2. If the plaintiff fails to comply with paragraph 1 of this subsection, the court shall, upon motion of the defendant, unless good cause is shown for such failure, dismiss the action without prejudice to the refilling.

3. Title 12 O.S.2011 19 provides in pertinent part:

A. 1. In any civil action for professional negligence, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit . . .

4. Title 63 O.S.2011 1–1708.1C.3.

5. BLACK'S LAW DICTIONARY (9th ed. 2009), professional.

6. BLACK'S LAW DICTIONARY (9th ed. 2009), profession.

what could be considered various professions in the State of Oklahoma.

¶ 8 For example, 59 O.S.2011 15.1A, which provides definitions under the Oklahoma Accountancy Act, defines accountancy as "the profession or practice of accounting."[7] Title 59 O.S.2011 396.2, concerning funeral services, defines a funeral establishment partly as "any place where any person or persons shall hold forth and be engaged in the profes-sion of undertaking or funeral directing."[8] Title 59 also contains other chapters for: barbers, cosmetology, plumbers and plumbing contractors, foresters, sanitarians and environmental specialists, bail bondsmen, pawnbrokers, and many more. Title 18 O.S.2011 803 provides definitions for the Professional Entity Act which governs the creation of professional corporations in Oklahoma. It includes a broad definition for professional service.[9]

7. Title 59 O.S. 15.1A(1) provides:

1. "Accountancy" means the profession or practice of accounting.

8. Title *59 O.S.2011 396.2*(3) provides:

3. "Funeral establishment" means a place of business used in the care and preparation for burial, commercial embalming, or transportation of dead human remains, or any place where any person or persons shall hold forth and be engaged in the profession of undertaking or funeral directing.

9. Title *18 O.S.2011 803*(6) provides:

6. "Professional service" means the personal service rendered by:

a. a physician, surgeon or doctor of medicine pursuant to a license under Sections 481 through 524 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of medicine,

b. an osteopathic physician or surgeon pursuant to a license under Sections 620 through 645 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of osteopathy,

c. a chiropractic physician pursuant to a license under Sections 161.1 through 161.20 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of chiropractic,

d. a podiatric physician pursuant to a license under Sections 135.1 through 160.2 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of podiatric medicine,

e. an optometrist pursuant to a license under Sections 581 through 606 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of optometry,

f. a veterinarian pursuant to a license under Sections 698.1 through 698.30b of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of veterinary medicine,

g. an architect pursuant to a license under Sections 46.1 through 46.41 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of architecture,

h. an attorney pursuant to his authority to practice law granted by the Supreme Court of the State of Oklahoma,

i. a dentist pursuant to a license under Sections 328.1 through 328.53 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of dentistry,

j. a certified public accountant or a public accountant pursuant to his or her authority to practice accounting under Sections 15.1 through 15.38 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of public accountancy,

k. a psychologist pursuant to a license under Sections 1351 through 1376 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of psychology,

l. a physical therapist pursuant to a license under Sections 887.1 through 887.18 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of physical therapy,

m. a registered nurse pursuant to a license under Sections 567.1 through 567.19 of Title 59 of the Oklahoma Statutes, and any other subsequent laws regulating the practice of nursing,

n. a professional engineer pursuant to a license under Sections 475.1 through 475.22a of Title 59 of the Oklahoma Statutes, and any subsequent laws relating to the practice of engineering,

o. a land surveyor pursuant to a license under Sections 475.1 through 475.22a of Title 59 of the Oklahoma Statutes, and any subsequent laws relating to the practice of land surveying,

p. an occupational therapist pursuant to Sections 888.1 through 888.15 of Title 59 of the Oklahoma Statutes and any subsequent law regulating the practice of occupational therapy,

q. a speech pathologist or speech therapist pursuant to Sections 1601 through 1622 of Title 59 of the Oklahoma Statutes, and any subsequent law regulating the practice of speech pathology,

r. an audiologist pursuant to Sections 1601 through 1622 of Title 59 of the Oklahoma Statutes, and any subsequent law regulating the practice of audiology,

s. a registered pharmacist pursuant to Sections 353 through 366 of Title 59 of the Oklahoma Statutes, and any subsequent law regulating the practice of pharmacy,

¶ 9 This cause is a perfect example of what happened because of the perceived ambiguity of § 19. *Wall v. Marouk,* 2013 OK 36, 302 P.3d 775, concerned a physician. Here we have an attorney. We have not examined all of the cases in the appellate pipeline, but I would not be surprised at this point if one involved a member of the clergy or if we finished the childhood ditty of Doctor, Lawyer, Merchant, Chief, Cowboy, Sailor, Tinker, Tailor, etc. If the Legislature intended to avoid the prohibition on special laws by leaving professional negligence undefined, they caused more problems than they solved. The provision would have, taken to the ultimate logical conclusion, required an affidavit for almost every cause of action. Fortunately, this has been averted by our recent decisions in *Douglas v. Cox Retirement Properties,* 2013 OK 37, 302 P.3d 789, and *Wall v. Marouk,* 2013 OK 36, 302 P.3d 775.

¶ 10 Confusion appears to have resulted in the application of 12 O.S.2011 19 by the trial court to this action for legal malpractice. Even if § 19 had not been held unconstitutional by this Court in *Wall,* supra, its application to this cause would be in error—an understandable error, however, given the confusing choice of language in § 19.

t. a licensed perfusionist pursuant to Sections 2051 through 2071 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of perfusionists,

u. a licensed professional counselor pursuant to Sections 1901 through 1920 of Title 59 of the Oklahoma Statutes, and any subsequent law regulating the practice of professional counseling,

v. a licensed marital and family therapist pursuant to Sections 1925.1 through 1925.18 of Title 59 of the Oklahoma Statutes, and any subsequent law regulating the practice of marital and family therapy,

w. a dietitian licensed pursuant to Sections 1721 through 1739 of Title 59 of the Oklahoma Statutes and any subsequent laws regulating the practice of dietitians,

x. a social worker licensed pursuant to Sections 1250 through 1273 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of social work,

y. a licensed alcohol and drug counselor pursuant to Sections 1870 through 1885 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of alcohol and drug counseling, or

z. a licensed behavioral practitioner pursuant to Sections 1930 through 1949.1 of Title 59 of the Oklahoma Statutes, and any subsequent laws regulating the practice of behavioral health services . . .